IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

LUNDES GARRETT

| | |
|---|---|
| Chapter | 7 |
| Case Number: | 5-16-bk-01783-JJT |

Debtor

LUNDES GARRETT

Plaintiff

v.

JP MORGAN CHASE,
PENNYMAC LOAN SERVICES, LLC,
GRENEN & BIRSIC, P.C.
DUANE MORRIS,
KRISTINE M. ANTHOU, ESQ.,
BRETT L. MESSINGER, ESQ.
ELIZABETH M. CAGNON, NOTARY PUBLIC,
WHITNEY K. COOK, EMPLOYEE

Defendants

Adversary Number: 5-16-ap-00120-JJT

# **OPINION**

The Chapter 7 Debtor, Lundes Garrett, has filed an Adversary Complaint against 8 Defendants, including a bank, lawyers, and law firms with regard to alleged causes of action arising from foreclosure proceedings against real property ostensibly owned by Garrett. Garrett, who is proceeding pro se, has advanced ll counts against the Defendants that appear to relate to events occurring prior to his bankruptcy. His Complaint seeks, among other things, a judgment in the amount of $15,000,000. All but one of those Defendants have moved to dismiss for numerous reasons, including questions surrounding the Court's jurisdiction, *res judicata*, and *Rooker-Feldman*.

My primary concern deals with the standing of the Debtor to prosecute this lawsuit.

While somewhat vague, the claims asserted by Garrett apparently arose prior to this bankruptcy. As such, those claims are included as property of the estate under 11 U.S.C. § 541. *O'Dowd v. Trueger (In re O'Dowd)*, 233 F.3d 197, 202 (3rd Cir. 2000), citing to legislative history. It is the singular duty of the bankruptcy trustee to reduce to money the property of the estate under § 704(a)(1). *Wissman v. Pittsburgh National Bank*, 942 F.2d 867, 872 (4th Cir. 1991). The Debtor simply lacks standing to pursue prepetition claims such as are articulated in this Complaint. For this reason, the Complaint is dismissed.

    My Order will follow.

By the Court,

Date: February 6, 2017

John J. Thomas, Bankruptcy Judge

(CMS)

[K:\Cathy\Opinions-Orders filed 2017\5-16-ap-00120-JJT_Garrett.pdf]